UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RYAN P., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C21-5384-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff appeals a final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's applications for disability benefits after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

Also before the Court is Plaintiff's Motion to Complete the Certified Appeal Record (Dkt. 24) (Motion). The Commissioner opposes (Dkt. 30). Having considered the parties' arguments, and for the reasons set forth below, Plaintiff's Motion is DENIED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1981.[1] Plaintiff has at least a high school education and

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

previously worked as a courtesy clerk/bagger, stock clerk, and groundskeeper. AR 1056. Plaintiff filed an application for Disability Insurance Benefits (DIB) and an application for Supplemental Security Income (SSI) on August 17, 2015, alleging disability beginning October 19, 2011. AR 1044. The applications were denied at the initial level and on reconsideration. On August 29, 2017, the ALJ held a video hearing and took testimony from Plaintiff and a vocational expert (VE). AR 79–106. On February 5, 2018, the ALJ issued a decision finding Plaintiff not disabled. AR 22–42. Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on November 5, 2018 (AR 1–6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed the final decision of the Commissioner to the District Court. On July 15, 2019, the Court reversed the decision for further administrative proceedings. AR 1170–83.

On May 6, 2020, the ALJ held a telephonic hearing and took testimony from Plaintiff and a VE. 1067–1139. On May 22, 2020, the ALJ issued another decision finding Plaintiff not disabled. AR 1041–66. Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on March 23, 2021 (AR 1034–40), making the ALJ's decision the final decision of the Commissioner. Plaintiff appeals this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings are supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750

(9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).

At step one, the ALJ must determine whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 1047.

At step two, the ALJ must determine whether a claimant suffers from a severe impairment. The ALJ found Plaintiff has the following severe impairments: spinal impairments(s); asthma; gastroesophageal reflux disease (GERD); diabetes; obesity; learning disorder; affective disorder(s); and anxiety disorder(s). AR 1047.

At step three, the ALJ must determine whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. AR 1047–48.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations:

> [H]e can understand, remember and carry out simple instructions. He can exercise simple workplace judgment and can perform work that is learned on the job in less than thirty days by short demonstration and practice or repetition. He can respond appropriately to supervision, but should not be required to work in close coordination with coworkers where teamwork is required. He

>  can work in jobs that require only casual or superficial interaction
>  or contact with the general public. He can deal with occasional
>  changes in the work environment.

AR 1048–49. With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. AR 1056.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as work as a housekeeping cleaner, collator operator, production assembler, escort vehicle driver, document preparer, and addresser. AR 1057.

Plaintiff raises the following issues on appeal: (1) whether the ALJ erred by rejecting the examination assessments of Drs. Krueger, Neims, Wheeler, Ruddell, and Eisenhauer without proper justification and failed to give substantial reasons for rejecting the physical capacities assessment by Dena Larsen, a licensed physical therapist; (2) whether the ALJ improperly rejected the third-party statement; and (3) whether the jobs at step five are either in conflict with the RFC, lack evidentiary support, or do not meet the requirements of 20 C.F.R. §§ 404.1556(b) and 416.966(b). Plaintiff requests remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

**1. Medical Opinions**

The regulations applicable to Plaintiff's case require the ALJ to weigh medical opinions regardless of the source. 20 C.F.R. §§ 404.1527(c), 416.927(c). Under these regulations, the ALJ is required to give "controlling weight" to a treating physician's opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the

ORDER
PAGE - 4

other substantial evidence in [claimant's] case record."[2] *Id.* §§ 404.1527(c)(2), 416.927(c)(2). More weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight should be given to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830–31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

    A.  <u>Dr. Dan Neims, Ph.D. and Dr. Kimberly Wheeler, Ph.D.</u>

Dr. Neims evaluated Plaintiff on January 31, 2012, and assessed Plaintiff with marked limitations in Plaintiff's ability to communicate and perform effectively in a work setting with public contact and moderate limitations in most other areas of cognitive and social factors. AR 669. On October 12, 2012, Dr. Neims again evaluated Plaintiff and assessed Plaintiff with moderate to mild limitations in Plaintiff's ability to perform basic work activities. AR 688.

On July 5, 2013, Dr. Wheeler evaluated Plaintiff and assessed Plaintiff with marked limitations in his ability to adapt to changes in a routine work setting behaviorally; communicate and perform effectively in a work setting; complete a normal work day and work week without

---

[2] In 2017, the Social Security Administration amended its regulations and removed the "controlling weight" requirement for all applications filed after March 27, 2017. *See* 20 C.F.R. §§ 404.1520c, 416.920c (2017). Because Plaintiff's claims were filed before March 27, 2017, the new rules are not applicable to Plaintiff's case.

ORDER
PAGE - 5

interruptions from psychologically based symptoms; and maintain appropriate behavior in a work setting; and moderate to mild limitations in all other areas. AR 720–21.

In deciding the weight to give to any medical opinion, the ALJ considers factors such as the examining relationship, the treatment relationship, supportability, consistency, specialization, and other factors which tend to support or contradict the opinion, including the source's understanding of the agency's disability program and evidentiary requirements, and the source's familiarity with the case record. 20 C.F.R. §§ 404.1527(c), 416.927(c). The ALJ assigned minimal weight to the opinions of Drs. Neims and Wheeler. The ALJ found that Plaintiff's presentation during the evaluations was inconsistent with his typical presentation in treatment settings and that Plaintiff's reports during the evaluations of severe psychological issues were inconsistent with Plaintiff's history of gainful employment and activities. AR 1054. The ALJ further found other psychological opinions to be more consistent with the record as a whole, citing the opinions of Dr. Christmas Covell, Ph.D., and Dr. John Gilbert, Ph.D. AR 1055.

Plaintiff argues that the ALJ erred by finding Plaintiff's symptoms inconsistent with Plaintiff's history of gainful employment. Dkt. 25, at 13. An ALJ may find a claimant not disabled where the claimant's condition remained constant and did not prevent the claimant from working in the past. *See Gregory v. Bowen*, 844 F.2d 664, 667 (9th Cir. 1988). Both Dr. Neims and Dr. Wheeler assessed Plaintiff with moderate and marked limitations in his ability to perform work functions based on Plaintiff's diagnoses of anxiety disorder and Dr. Neims' diagnoses noted features of OCD. AR 668, 687, 719. The ALJ found that the severe psychological issues reported during Drs. Neims and Wheeler's examinations were "inconsistent with the claimant's history of gainful employment despite these longstanding issues." AR 1055. Plaintiff reported that he received counseling in 2001 for OCD and generalized anxiety disorder and also received mental

health treatment from 2009 to 2012. AR 429; *see also* AR 634 (reporting in 2010 that Plaintiff went to group health for four years and had diagnoses of OCD, anxiety, and PTSD). The record further shows that Plaintiff worked between 1999 and 2009. AR 1366–67. Plaintiff argues that his last work between 2006 and 2009 was a sheltered workshop type job designed for people who have physical or mental issues. Dkt. 31, at 4; AR 1079 (2020 Hearing). Assuming without deciding that Plaintiff's last work cannot be considered competitive, the record reasonably shows that Plaintiff sustained other competitive employment despite his mental impairments, including working as a courtesy clerk between 1999 and 2005. AR 1366. Therefore, the ALJ's reason for discounting the opinions of Drs. Neims and Wheeler based on evidence that Plaintiff was able to sustain employment in the past despite his alleged mental impairments was specific, clear, and convincing, and Plaintiff has not showing that the ALJ erred.

The Commissioner argues that, even if the ALJ's rationale was not valid, the ALJ provided several other reasons for discounting the opinions of Drs. Neims and Wheeler, which reasons Plaintiff does not challenge. Dkt. 29, at 5–6. The ALJ found that the doctors' opinions were less consistent with the record than other psychological opinions. AR 1555. Specifically, the ALJ found that Plaintiff's presentation during the evaluations was inconsistent with his typical presentation in treatment settings, that Plaintiff reported issues during the examinations were inconsistent with Plaintiff's activities, including cleaning and other household activities, regular shopping, helping care for a disabled partner, playing video games, and looking for work, and that Plaintiff did not report "any significant social functioning limitations during the hearings." AR 1055. An ALJ may reject a physician's opinion that is inconsistent with the record. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight [the ALJ] will give to that medical opinion."); *see also Ahearn v. Saul*, 988 F.3d

ORDER
PAGE - 7

1111, 1117 (9th Cir. 2021) (affirming an ALJ's denial of benefits where the claimant alleged mental health impairments and had the ability to pay video games and watch television for sustained periods, use a library computer a few times a week, use public transportation, shop at stores, perform personal care, prepare meals, socialize with friends, and perform household chores). Plaintiff argues that there is a difference in the motivation of the writers in treatment settings versus evaluation settings. Dkt. 31, at 3. Plaintiff's argument, however, does not show that the ALJ erred in evaluating the medical opinion evidence of record. Accordingly, even if the ALJ erred in discounting Drs. Neims and Wheeler's opinions based on Plaintiff's work history, this error would be harmless because the ALJ cited other valid reasons for discounting the doctors' opinions. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded by regulation on other grounds* (an ALJ's error may be deemed harmless where it is "'inconsequential to the ultimate nondisability determination'" (citation omitted)).

B.  <u>Dr. Keith Krueger, Ph.D. and Dr. Renee Eisenhauer, Ph.D.</u>

On March 11, 2014, Dr. Krueger examined Plaintiff and assessed him with marked limitations in his ability to adapt to changes in routing work setting; communicate and perform effectively in a work setting; complete a normal work day and work week without interruptions from psychologically based symptoms; and maintain appropriate behavior in a work setting. AR 725–26. Dr. Krueger assessed moderate to mild limitations in all other areas. AR 725–26. Dr. Krueger examined Plaintiff again on May 20, 2015, and assessed Plaintiff with marked limitations in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; learn new tasks; adapt to changes in a routine work setting; communicate and perform effectively in a work setting; maintain appropriate behavior in a work setting; and complete a normal work day and work week without

interruptions from psychologically based symptoms. AR 740. Dr. Krueger assessed moderate limitations in most other areas. AR 740. On May 28, 2015, Dr. Eisenhauer reviewed Dr. Krueger's May 2015 evaluation and commented that Plaintiff has a history of longstanding mental health issues and that his evaluation showed a "deterioration of scores with most scores in the marked range." AR 750.

The ALJ gave minimal weight to the opinions of Drs. Krueger and Eisenhauer. AR 1055. The ALJ found that Dr. Krueger "noted polite and cooperative behavior, with otherwise adequate perform on mental status examination" and, therefore, the doctor's opinions "do not appear to have an objective basis, but were instead based on the claimant's own subjective reporting of disability." AR 1055. The ALJ further found that evidence in the record "indicates the claimant has been capable of simple repetitive work suggested by Dr. Krueger, but without the need for additional treatment" and that "[o]ther psychological opinions are more consistent with the claimant's overall evidence." AR 1055.

Plaintiff argues that the ALJ's reason for rejecting the opinions of Drs. Krueger and Eisenhauer by finding that the opinions lack objective basis was insufficient "as it gives little guidance as to the specific evidence the ALJ actually reviewed and found to be inconsistent with their opinions." Dkt. 25, at 11 (citing *Embry v. Bowen*, 849 F.2d 418, 419 (9th Cir. 1988)). An ALJ may reject a medical opinion that is unsupported by clinical findings. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The ALJ found that Dr. Krueger's evaluations "noted polite and cooperative behavior, with otherwise adequate performance on mental status examinations." AR 1055 (citing AR 724, 739). The doctor found in the March 2014 evaluation that Plaintiff "[d]id surprisingly well on MSE [mental status examination] items looking at executive functioning" and "OK" on one part of the trail making test. AR 724. Dr. Krueger found in the May 2015 evaluation

ORDER
PAGE - 9

that Plaintiff still performed "OK on MSE questions looking at executive function," performed averagely on both parts of the trail making test, and had polite and cooperative behavior. AR 739. Further, Dr. Krueger listed only Plaintiff's self-reported symptoms in his "clinical findings" sections. AR 724, 739. Therefore, the ALJ's reasons for discounting Drs. Krueger and Eisenhauer were specific, clear, and convincing, and Plaintiff has not shown that the ALJ erred.

C. <u>Dr. Alyssa Ruddell, Ph.D.</u>

Dr. Ruddell examined Plaintiff on March 21, 2017,[3] and assessed Plaintiff with marked limitations in Plaintiff's ability to learn new tasks; adapt to changes in a routine work setting; complete a normal work day and work week without interruptions from psychologically based symptoms; and set realistic goals and plan independently. AR 756. Dr. Ruddell assessed Plaintiff with moderate limitations in most other areas. AR 756.

The ALJ gave Dr. Ruddell's opinion minimal weight. AR 1055. The ALJ found that, because Dr. Ruddell's opinion of Plaintiff did not change despite Plaintiff's improved performance in the doctor's January 2019 evaluation, Dr. Ruddell's opinions "are largely based on the claimant's subjective reporting and have minimal basis on objective evidence." AR 1055. The ALJ further found that Dr. Ruddell's opinions contrast with Plaintiff's presentation during treatment since 2016 and that Plaintiff's daily activities, including those reported to Dr. Ruddell. AR 1056. Accordingly, the ALJ have greater weight to other psychological opinions that the ALJ found to be more consistent with the record as a whole. AR 1056.

Plaintiff argues that the ALJ did not provide a valid reason for rejecting Dr. Ruddell's findings by finding that the doctor's opinion was based upon minimal objective evidence. Dkt. 25,

---

[3] Dr. Ruddell also evaluated Plaintiff in January 2019 (AR 1055); however, Plaintiff does not challenge the ALJ's evaluation of Dr. Ruddell's January 2019 opinion. Dkt. 52, at 10, 12–13.

ORDER
PAGE - 10

at 12–13. Although the ALJ found that Plaintiff's performance improved during Dr. Ruddell's 2019 evaluation of Plaintiff, the ALJ did not make specific findings regarding Dr. Ruddell's 2017 opinion to support a finding that the 2017 opinion was not adequately supported by Dr. Ruddell's objective findings. "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162–63 (9th Cir. 2014). Because the ALJ did not offer any reasons to support finding that Dr. Ruddell's 2017 opinion was not adequately supported by Dr. Ruddell's objective findings, the ALJ's reasoning was not supported by substantial evidence.

The Commissioner argues that the ALJ also found that Dr. Ruddell's findings in her 2017 opinion were inconsistent with the record as a whole, which finding Plaintiff does not challenge. Dkt. 29, at 8. An ALJ may reject a physician's opinion that is inconsistent with the medical record. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). The ALJ found Dr. Ruddell's March 2017 findings to be inconsistent with Plaintiff's typical presentation during treatment since 2016, including Plaintiff's "typically euthymic mood, intact memory, good eye contact, and unremarkable though content." AR 1056. The ALJ further found that the record shows Plaintiff's psychological impairments were adequately controlled and that Plaintiff's reported activities "indicate the ability to maintain appropriate behavior with a routine of at least unskilled tasks." AR 1056. Therefore, the ALJ's error in discounting Dr. Ruddell's 2017 opinion by finding it inadequately supported by objective evidence was harmless because the ALJ cited other valid reasons for discounting the doctor's opinion. *See Molina*, 674 F.3d at 1115 (an ALJ's error may be deemed harmless where it is "'inconsequential to the ultimate nondisability determination'" (citation omitted)).

D.   <u>Dena Larsen</u>

ORDER
PAGE - 11

On August 23, 2017, Ms. Larsen, a physical therapist, diagnosed Plaintiff with low back pain and assessed that Plaintiff's symptoms would frequently be severe enough to interfere with his attention and concentration needed to perform even simple work tasks, that Plaintiff can walk two city blocks before needing to rest, that Plaintiff can sit for 30 minutes and stand for 10 minutes at one time, and that Plaintiff needs a job that permits shifting position at will. AR 867–72.

The ALJ assigned minimal weight to Ms. Larsen's opinion. AR 1053. The ALJ found that Ms. Larsen's opinion was based on an initial evaluation and "heavily relied on the claimant's subjective reporting of symptoms." AR 1053. The ALJ further found that Ms. Larsen's opinion was inconsistent with Plaintiff's medical records, prior statements, and daily activities, and that "[o]pinions from more qualified sources are more consistent with the overall evidence." AR 1053–54.

Plaintiff argues that the ALJ erred in rejecting Ms. Larsen's opinion in favor of other opinions in the record, including the opinions of state agency consultant Dr. Guillermo Rubio, M.D., and examining physician Dr. Lynn Staker, M.D. Dkt. 25, at 14. Plaintiff further argues that Ms. Larsen's opinion is consistent with the medical evidence. *Id.* The ALJ found that, contrary to Ms. Larsen's opinion, Plaintiff "has consistently displayed normal gait," "[h]is spinal imaging has showed only mild degenerative changes," "he reported a lack of number or weakness from back pain" in 2016 and 2017, he reported good overall perform of his activities of daily living, he showed improved range of motion in his spine in 2018, and he reported that he back was "alright" with use of medication and orthotics. AR 1053–54. The ALJ also found that the opinions of Drs. Rubio and Staker were consistent with Plaintiff's treatment record, examination findings, clinical imaging, and activities. AR 1054. "Generally, the more consistent a medical opinion is with the record as a whole, the more weight [the ALJ] will give to that medical opinion." 20 C.F.R.

§§ 404.1527(c)(4), 416.927(c)(4). Plaintiff offers a different interpretation of the medical record and evidence of her activities; however, the ALJ's interpretation is at least equally rational and not properly disturbed. *Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 599 (9th Cir. 1999). Accordingly, Plaintiff has not shown that the ALJ erred by giving Ms. Larsen's opinion less weight and more weight to the opinions of Drs. Rubio and Staker.

Plaintiff further argues that the ALJ erred by rejecting Dr. Larsen's opinion on grounds that her opinion was based upon an initial evaluation and heavily relied on the claimant's subjective reporting. Dkt. 31, at 6. Plaintiff argues that Dr. Larsen "actually performed physical tests on [Plaintiff] to assess his limits." *Id.* An ALJ may reject a medical opinion that is unsupported by clinical findings. *Tonapetyan*, 242 F.3d at 1149; *see also Ghanim*, 763 F.3d at 1162–63 (an ALJ may reject treating provider's opinions if based "to a large extent" on discredited self-reports and not clinical evidence). Dr. Larsen noted that she met Plaintiff for the first time for a ½ hour evaluation. AR 872. Further, Dr. Larsen did not note that she performed any physical examinations of Plaintiff or reviewed any physical therapy reports or other medical records. AR 872. Further, Dr. Larsen noted "unknown" on several areas of Plaintiff's functional limitations. AR 867–72. Therefore, the ALJ did not err by finding that Dr. Larsen's opinion heavily relied on Plaintiff's subjective reporting of symptoms[4] and otherwise lacked objective findings.

**2. Lay Witness Statements**

Plaintiff contends that the ALJ failed to properly evaluate the law witness testimony of Plaintiff's father.[5] "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ

---

[4] The ALJ discounted Plaintiff's subjective testimony as inconsistent with the medical evidence (AR 1050), and Plaintiff does not challenge the ALJ's evaluation of Plaintiff's subjective symptom testimony.

[5] Plaintiff argues in his Reply Brief that the ALJ disregarded multiple third-party statements, including the statements of Plaintiff's father, Plaintiff's father's girlfriend, and Plaintiff's girlfriend. Dkt. 31, at 6–7. However, in his Opening Brief, Plaintiff only challenged the ALJ's rejection of Plaintiff's father's statement. Dkt. 25, at 15–16. Therefore, Plaintiff waived any challenge to the ALJ's evaluation of the other

ORDER
PAGE - 13

must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

The ALJ gave minimal weight to the lay witness statements, finding the statements to be inconsistent with Plaintiff's treatment records, examination findings, clinical imaging, and activities.[6] AR 1053. Further, the ALJ found that the "[p]rofessional opinions are better supported and more consistent with the record as a whole." AR 1053 (citing AR 131–42, 172–86).

Plaintiff argues that the ALJ erred by contrasting Plaintiff's father's statement with contents of Plaintiff's medical records. Dkt. 25, at 15. Inconsistency with medical evidence is a germane reason for discrediting the testimony of lay witnesses. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Plaintiff cites *Bruce v. Astrue*, 557 F.3d 1113 (9th Cir. 2009) for the proposition that "an ALJ may not discredit 'lay testimony as not supported by medical evidence in the record.'" Dkt. 25, at 15 (citing *Bruce*, 557 F.3d at 1116). *Bruce*, however, is distinguishable from this case. In *Bruce*, the ALJ did not point to any specific evidence, contradictory or otherwise, to discredit the lay testimony; rather, the ALJ appeared to discount the general value of lay testimony compared to objective medical evidence. Here, the ALJ did not generally devalue the lay witness statements. Rather, in this case, the ALJ found the lay testimony to be inconsistent with the overall record, including spinal imaging showing only mild degenerative changes,

---

lay witness statements. *See Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) ("[A]rguments not raised by a party in an opening brief are waived.").

[6] Although the ALJ's decision states that the statements where "*consistent* with the claimant's treatment records, examination findings, clinical imaging, and activities" (AR 1053 (emphasis added)), it is clear from the ALJ's subsequent evaluation of the statements that the ALJ found the statements *inconsistent* with the record. Further, the parties both agree that the ALJ found the lay witness statements inconsistent with the record. Dkt. 25, at 15; Dkt. 29, at 11. Therefore, the ALJ's misuse of the word "consistent" was a harmless "scrivener's error."

ORDER
PAGE - 14

treatment records in which Plaintiff reported being able to sit and stand without problem when using an orthotic back brace and that his back and psychological symptoms were stable with medication, medical records that reported Plaintiff with normal presentation, and evidence of Plaintiff performing well in his activities of daily living.[7] AR 1053. The ALJ's reasons were both valid and germane, and Plaintiff has not shown that the ALJ erred in assessing the lay witness statements.

### 3. Step Five

At step five, the Commissioner has the burden "to identify specific jobs existing in substantial numbers in the national economy that claimant can perform despite her identified limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). Based on the VE's testimony, the ALJ concluded that Plaintiff was capable of performing the requirements of representative occupations such as a housekeeping cleaner, collator operator, production assembler, escort vehicle driver, document preparer, and addresser. AR 1057.

Plaintiff argues that the ALJ erred by finding that Plaintiff was capable of performing the jobs of document preparer and addresser because there are not enough jobs in the U.S. economy and because the jobs no longer exist or are obsolete. Dkt. 25, at 17–18. Plaintiff further argues that the ALJ erred by finding that Plaintiff could perform the duties of document preparer because this job requires a reasoning level of 3. *Id.* Here, the ALJ identified six occupations that Plaintiff would be capable of performing. AR 1057. Plaintiff does not challenge the ALJ's finding that Plaintiff is capable of performing the requirements of housekeeping cleaner, collator operator, production

---

[7] Plaintiff cites AR 33 to argue that the ALJ improperly evaluated the lay witness testimony. Dkt. 25, at 15. Plaintiff's citation, however, refers to the ALJ's January 2018 opinion, which decision was already overturned. *See* AR 1167–83. Because the ALJ's May 2020 decision subject to this appeal contains a new analysis of the lay witness testimony (AR 1053), the Court does not reevaluate the ALJ's 2018 opinion.

ORDER
PAGE - 15

assembler, or escort vehicle driver.[8] *See* Dkt. 28, at 17–15. Therefore, even if the ALJ erred in finding Plaintiff capable of performing the requirements of document preparer or addressor, this error would be harmless because it was inconsequential to the non-disability determination. *See Molina*, 674 F.3d at 1115 (an ALJ's error may be deemed harmless where it is "'inconsequential to the ultimate nondisability determination'" (citation omitted)).

**4. Plaintiff's Motion to Complete the Record**

Plaintiff separately moves to complete the administrative record (Dkt. 24) to include a declaration from Plaintiff's vocational expert, Dr. Joseph A. Mosian, his CV, and printouts from O*NET regarding job numbers, which Plaintiff purports to have submitted to the Appeals Council. Dkt. 24, Ex. 1. The Commissioner opposes. Dkt. 30; *see also* Dkt. 26, at 14–17.

The agency is tasked with filing "a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). Although the Appeals Council received, considered, and exhibited Plaintiff's exceptions dated June 22, 2020 (AR 1034), the record is devoid of any indication that the Appeals Council received or considered Plaintiff's supplemental vocational evidence, which Plaintiff purports to have submitted on August 6, 2020. Dkt. 24, Ex. 1. "When the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Comm'r of Social Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). However, the Appeals Council may reject evidence obtained after an adverse

---

[8] Plaintiff refers to "other vocational issues" addressed in a sworn declaration contained in another pleading Plaintiff filed in this Court. Dkt. 25, at 18. However, the Court only addresses arguments raised in the Opening Brief, and any unraised arguments are waived. *See Zango, Inc.*, 567 F.3d at 1177 n.8; *see also see also Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with any specificity).

ORDER
PAGE - 16

administrative finding, and, "in rejecting this [new] evidence, the Appeals Council is not required to make any particular evidentiary finding."[9] *Gomez v. Chater*, 74 F.3d 967, 672 (9th Cir. 1996), *superseded by regulation on other grounds*. Because there is no indication that the Appeals Council received or considered Plaintiff's supplemental vocational evidence, Plaintiff has not shown that the record is incomplete.

"The reviewing court is limited to considering the contents of the administrative record itself." *Delgadilla v. Kijakazi*, No. 20-56211, 2022 WL 301548, at *1 (9th Cir. Feb. 1, 2022). Plaintiff has not cited to any authority that would permit a party to supplement an administrative record certified by the agency pursuant to 42 U.S.C. § 405(g). Nor has Plaintiff met the standard for a remand to consider new evidence under sentence six of 42 U.S.C. § 405(g), which authorizes the court to "at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Plaintiff has not shown that Plaintiff's supplemental vocational evidence is material. "[U]se of vocational experts is left to the Commissioner's discretion." *See Gomez*, 74 F.3d at 971; *see also id.* (finding that the ALJ is free to reject evidence obtained after an adverse administrative decision). Here, the ALJ relied on the testimony of the VE who testified at the March 2020 hearing, and Plaintiff has not shown that the consideration of Plaintiff's supplemental vocational evidence would change the outcome of the ALJ's decision.

For these reasons, Plaintiff's Motion to Complete the Certified Appeal Record is denied.

---

[9] The Court does not have jurisdiction to review the Appeal Council's non-final agency action. *Taylor v. Comm'r of Social Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011).

ORDER
PAGE - 17

## CONCLUSION

For the reasons set forth above, this matter is AFFIRMED. Further, Plaintiff's Motion to Complete the Certified Appeal Record (Dkt. 24) is DENIED.

DATED this 18th day of March, 2022.

MARY ALICE THEILER
United States Magistrate Judge